# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| TOM SUXSTORF, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br>  vs.<br><br>ASSET RECOVERY SOLUTIONS, LLC, and BUREAUS INVESTMENT GROUP PORTFOLIO NO 15, LLC,<br><br>        Defendants. | Case No.: 16-cv-1442<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Tom Suxstorf is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a credit card debt.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer credit transactions, namely alleged an credit card account.

6. Defendant Asset Recovery Solutions, LLC ("ARS") is a debt collection agency with its principal offices at 2200 E. Devon Ave., Suite 200, Des Plaines, Illinois 60018.

7. ARS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. ARS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. ARS is a debt collector as defined in 15 U.S.C. § 1692a.

9. Defendant Bureaus Investment Group Portfolio No 15, LLC ("BIG15") is a foreign limited liability company with its principal place of business located at 650 Dundee Rd, Ste 370, Northbrook, IL 60062.

10. BIG15 is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time BIG15 acquires them.

11. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), citing *Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

12. BIG15 uses third party debt collectors, including ARS, to collect allegedly defaulted debts that have been assigned.

13. A company meeting the definition of a "debt collector" under the FDCPA (here, BIG15) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees

2

who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

14. BIG15, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for ARS's actions. 15 U.S.C. § 1692a(6); *Janetos*, 825 F.3d at 325-26.

## FACTS

15. Plaintiff entered into a consumer transaction with "CAPITAL ONE N.A." ("Capital One") for a personal credit card.

16. Prior to August 26, 2016, Plaintiff's account with Capital One went into default.

17. Upon information and belief, Plaintiff's Capital One account was several months in arrears as of August 26, 2016 and had been charged off.

18. Prior to August 26, 2016, and after Plaintiff's account with Capital One was in default, Capital One sold or otherwise assigned the ownership rights to Plaintiff's account to BIG15.

19. Upon information and belief, Capital One only sells charged off accounts to debt buyers such as BIG15.

20. On or about September 26, 2016, ARS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to BIG 15. A copy of this letter is attached to this complaint as Exhibit A.

21. The alleged debt identified in Exhibit A was allegedly owed originally to "CAPITAL ONE N.A." and used only for personal, family or household purposes.

22. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

23. Upon information and belief, Exhibit A is a form debt collection letter used by ARS to attempt to collect alleged debts.

3

24. <u>Exhibit A</u> contains the following text:

> We would like to settle your debt for only **90%** of your Total Current Balance listed above.
> **Settlement amount $2,223.35**
> To accept this offer, simply make sure that we receive the entire Settlement Amount on or before October 26 2016. If we receive the Settlement Amount on or before October 26 2016, and if your funds clear, we will consider your account to be settled in full and will stop all further collection efforts. **This offer expires on October 26 2016.**
> Failure to comply with the above mentioned terms will nullify the settlement arrangement.

<u>Exhibit A</u>.

25. The letter purports to offer a settlement of about 90% of the total alleged debt.

26. The settlement offer in <u>Exhibit A</u> falsely states or implies that the respective settlement offer is valid only if payment is received "on or before October 26, 2016."

27. Upon information and belief, ARS had authority from BIG 15 to settle consumers' accounts for 90% of the amount owed, or less, at any time.

28. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

29. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

30. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

4

31. Defendant did not use the safe harbor language in Exhibit A.

32. Upon information and belief, the deadlines in Exhibit A to respond to the settlement offer are a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

33. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

36. Plaintiff was confused by Exhibit A.

37. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

38. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

39. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest

5

that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

40. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

41. BIG15 is liable for ARS's actions that violate the FDCPA. *Janetos*, 825 F.3d at 325-26.

## COUNT I – FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. <u>Exhibit A</u> includes false statements to the effect that the settlement offer payment must be received by a specific date.

44. Upon information and belief, the creditor and/or ARS would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

45. ARS violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

46. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family or household purposes, (d) on or after October 27, 2015, up to and including October 27, 2016, (e) that was not returned by the postal service.

47. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

48. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

49. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

50. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

51. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

52. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 27, 2016

**ADEMI & O'REILLY, LLP**

By: s/John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com